1
2
3
4
5
6
7

8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11   MICHAEL SUTTER,                          ) Case No.: 1:19-cv-1044 - JLT
                                              )
12          Plaintiff,                        ) ORDER TO PLAINTIFF TO SHOW CAUSE
                                              ) WHY THE ACTION SHOULD NOT BE
13      v.                                    ) DISMISSED FOR FAILURE TO COMPLY WITH
                                              ) THE COURT'S ORDER AND FAILURE TO
14   COMMISSIONER OF SOCIAL SECURITY,         ) PROSECUTE
                                              )
15          Defendant.                        )
                                              )
16

17          Michael Sutter initiated this action by filing a complaint on July 29, 2019, seeking judicial

18   review of the decision to deny an application for Social Security benefits. (Doc. 1)  On August 2, 2019,

19   the Court issued its Scheduling Order, setting forth the deadlines governing the action.  (Doc. 6)

20          The Commissioner of Social Security filed the certified administrative record in the matter on

21   April 1, 2020.  (Doc. 10)  Pursuant to the terms of the Scheduling Order, the parties exchanged

22   confidential letter briefs, with the Commissioner serving a response on June 3, 2020.  (Doc. 14)  Within

23   thirty days, if the parties did not agree on a voluntary remand Plaintiff was to serve "file and serve an

24   opening brief with the court."  (Doc. 6 at 2)  Thus, Plaintiff was to serve a confidential letter brief no

25   later than July 3, 2020.  However, Plaintiff has not filed a proof of service, and she did not request an

26   extension of time to comply with the deadline.

27          The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

28   party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

                                              1

and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this Order why terminating sanctions should not be imposed for failure to follow the Court's Order and failure to prosecute the action or, in the alternative, file the opening brief.

IT IS SO ORDERED.

Dated:   **July 7, 2020**                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE